Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Farmer, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>Barkbox, Inc.,<br><br>    *Defendant*. | Case No. 5:22-cv-01574-SSS-SHK<br><br>**Plaintiff's Notice of Motion and Motion for Leave to File Surreply**<br><br>**Memorandum of Points and Authorities**<br><br>Hearing Date: March 10, 2023<br>Time: 2:00 pm<br>Courtroom: Riverside, Courtroom 2<br><br>Hon. Sunshine S. Sykes |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 10, 2023, at 2:00 p.m., or as soon as the matter may be heard, Plaintiff Amber Farmer will bring for hearing before the Honorable Sunshine S. Sykes, United States District Court Judge, in Courtroom 2 of the U.S. District Court located at 3470 Twelfth Street, Riverside, California, a Motion for Leave to File Surreply.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities submitted here, the pleadings, papers and records on file in this case, and such oral argument as may be presented at any hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 8, 2023. This motion is opposed.

Dated: February 8, 2023              Respectfully submitted,

By: /s/ *Jonas Jacobson*
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff asks that the Court consider this short surreply to Bark's motion to compel arbitration. Dkt. 18. Good cause exists for a surreply that responds to "new arguments" raised in reply. *Brown v. Harris*, 2014 U.S. Dist. LEXIS 28226, at *2 (E.D. Cal. Feb. 21, 2014). In its reply, Bark makes a new argument that *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444 (2021) is preempted by the Federal Arbitration Act (FAA). Reply at 3-4. Plaintiff has not had opportunity to address this issue (which was raised by Bark for the first time in reply).

The FAA does not preempt "generally applicable contract defenses." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotes omitted). It solely preempts "defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.; McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 962 (2017) (the FAA only "requires courts to place arbitration agreements on an equal footing with other contracts, i.e., to "make arbitration agreements as enforceable as other contracts, *but not more so*." (internal quotes omitted)). Under *Concepcion*, if a state-law requirement applies to both arbitration and non-arbitration terms, it is not preempted simply because it is used to challenge an arbitration provision.

Under *Sellers*, the "textual notice of the existence of contractual terms that limit the consumer's ability to address ARL violations should, in our view, be at least as conspicuous as the notice required by the statute in the first instance." *Sellers*, 73 Cal. App. 5th at 480. *Sellers* held that ARL disclosure requirements—which apply to non-arbitration provisions like the price of the subscription and the cancellation policy—should apply equally to all terms that would thwart consumer's ability to enforce the ARL. This rule does not just apply to arbitration clauses. For example, it would apply equally to: (1) a choice of law clause that elects non-California law; (2) a choice of forum clause that would be so inconvenient it would thwart enforcement; (3) a disclaimer of ARL liability; (4) a limitation on remedies that forecloses the

1

special remedies available under the ARL; or (5) a contractual, one-month statute of limitations that thwarts consumer enforcement. The *Sellers* rule does not apply "solely" to arbitration provisions or derive its "meaning" from arbitration clauses (*Concepcion* at 339)—it is a rule that applies equally to all automatic renewal terms and all terms that thwart the enforceability of the ARL (including many non-arbitration terms). This is not preempted under *Concepcion.*

Citing *Ting*, Bark asserts that *Sellers* is preempted because the ARL only applies to automatic renewal contracts (and not all contracts). Reply 3 (citing *Ting v. AT&T*, 319 F.3d 1126, 1147-48 (9th Cir. 2003)). But in *Sakkab,* the Ninth Circuit held that Bark's reading of *Ting* is contrary to *Concepcion* and therefore erroneous. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 432 (9th Cir. 2015) ("Some of our cases [including *Ting*] can be read to suggest that the phrase 'any contract' in § 2's saving clause requires that a defense apply generally to all types of contracts, in addition to requiring that the defense apply equally to arbitration and non-arbitration agreements" but *Concepcion* "cuts against this construction of the saving clause"); *see Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 825 (9th Cir. 2019) ("The Supreme Court's decision in *Concepcion* and our decision in *Sakkab* guide our analysis.").[1] As *Sakkab* held, the analysis is whether a defense applies "equally to arbitration and non-arbitration agreements." *Sakkab* at 432. And under *Sellers*, ARL disclosure requirements apply equally to arbitration terms and non-arbitration terms. So there is no preemption.

Bark asserts that *Sellers* is contrary to the California Supreme Court's *Sanchez* decision, because *Sellers* would require Bark to "highlight" its arbitration provision.

---

[1] In *Viking River,* the Supreme Court recently found that the PAGA waiver rule at issue in *Sakkab* was preempted. *Viking River Cruises, Inc. v. Moriana,* 142 S. Ct. 1906, 1910 (2022). But it did so for reasons that do not apply here—the PAGA waiver rule imposed improper requirements on arbitration procedures. *Id. Viking River* did not disturb the Ninth Circuit's analysis of *Concepcion*, which controls here. And in any case, in *Rent-A-Center* the Ninth Circuit confirmed that the *Sakkab* analysis applies outside the context of PAGA waivers.

Reply 4 (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 914 (2015)). Not so. Under *Sanchez,* state law cannot require a contract to highlight the arbitration clause, while not requiring such highlighting for non-arbitration terms. *Id.* (citing *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 682 (1996)); *Doctors* at 687 ("courts may not invalidate arbitration agreements under state laws applicable *only* to arbitration provisions" (emphasis added)). But *Sanchez* recognized that state law can prevent an arbitration clause from being *less* clearly disclosed, relative to other contract terms. *Sanchez* at 911 (an unconscionability defense may defeat "fine-print terms"). This is the same principle as in *Sakkab:* the FAA does not preempt a rule that applies equally to both arbitration terms and non-arbitration terms, simply because that rule is used to challenge an arbitration provision.

*Sellers* does not require Bark to highlight solely its arbitration clause. Instead, *Sellers* requires Bark to disclose the arbitration clause *equally* as clearly as the automatic renewal terms and all non-arbitration terms that would thwart enforcement of the ARL. This is not preempted under *Sanchez*.

Dated: February 8, 2023         Respectfully submitted,

By: /s/ *Jonas Jacobson*
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
*Attorneys for Plaintiff*