Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amber Farmer, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>Barkbox, Inc.,<br><br>    *Defendant*. | Case No. 5:22-cv-01574-SSS-SHK<br><br>**JOINT REQUEST FOR DISMISSAL WITH PREJUDICE**<br><br>Hon. Sunshine S. Sykes |

Plaintiff Amber Farmer previously filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(i). The Court struck that notice and ordered that any subsequent request for dismissal "address the *Diaz* factors and provide information sufficient for the Court to determine whether dismissal of the case is collusive or prejudicial to the putative class and whether notice to all members of the putative class is required. The information should also include the terms, form, and value of any settlement or consideration being paid for the dismissal, and a fully executed copy of any settlement agreement." Dkt. 60 (discussing *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)). The parties provide the ordered information below and jointly request that the Court dismiss Ms. Farmer's individual claims with prejudice (but without prejudice to the claims of any absent class members).

**Background**

In this case, Ms. Farmer alleges on behalf of herself and a putative class that Bark failed to comply with California's Automatic Renewal law. *See* Dkt. 49 (Order on Motion to Dismiss). After the Court denied Bark's motion to dismiss and motion to compel arbitration (*id.*), Bark appealed the arbitration ruling to the Ninth Circuit. The Court stayed the case pending the appeal. Dkt. 58. The parties then began informal discussions about resolving the case, along with mediation discussions with the appointed Ninth Circuit mediator.

In these discussions, Bark shared with Plaintiff evidence that it would produce during discovery, showing additional Automatic Renewal Law disclosures had been displayed to Ms. Farmer. Ms. Farmer and her counsel were not previously aware of this additional evidence. Bark also informed Plaintiff that, as a matter of customer service, it was willing to refund what it charged Ms. Farmer for renewing subscriptions. After evaluating the additional evidence produced by Bark, Ms. Farmer decided to accept a refund from Bark and dismiss her individual case with prejudice and her class claims without prejudice. The total refund was $504.36 (the price of the

subscription boxes that Bark automatically shipped to Ms. Farmer). No other benefit of any kind, either monetary or nonmonetary, was exchanged between the parties. Ms. Farmer's counsel did not receive any fees or other payment of any kind from Bark or its counsel, directly or indirectly, in connection with Ms. Farmer's lawsuit or her dispute with Bark. There is no settlement agreement—this resolution was reached informally via discussion between counsel.

### *Diaz* factors and class notice

The dismissal of this case is without collusion and without prejudice to the putative class. The *Diaz* factors are:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Diaz v. Tr. Territory of Pac. Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989). These factors support approving Ms. Farmer's voluntary dismissal without requiring notice to the putative class. (1) The filing of this case received only limited publicity—on websites that report on essentially all filed class actions, like topclassactions.com and classaction.org—and the parties are not aware of any absent class members that are holding off on filing on individual action due to the class action. (2) This is not a case where a single event happened, years ago, and the statute of limitations is about to expire for all absent clash members. To the contrary, under California's four-year statute of limitations for consumer protection claims, Cal. Bus. & Prof. Code § 17209, any absent class member can still bring an individual case for an alleged automatic renewal law violation that occurred within the last four years. In addition, the statute of limitations has likely been tolled for absent class members during the pendency of this action under *American Pipe & Construction Co. v. Utah*, 414 U.S.

538 (1974). And (3) Ms. Farmer made no settlement concessions that furthered her own interests over those of absent class members. Ms. Farmer's class claims will be dismissed without prejudice to any future claim by absent class members.

Under all three *Diaz* factors, classwide notice is not required. *See* Dkt. 60 at 2 (identifying the three factors); *Diaz* at 1409-10. (1) "[P]olicies in favor of settlement support interpreting Rule 23(e) so as not to prevent settlement of individual claims and dismissal of class allegations without notice, so long as representative plaintiffs do not receive disproportionate recoveries and the absent class members do not suffer prejudice." *Diaz* at 1409. Here, Ms. Farmer did not receive a disproportionate recovery (e.g., one that dwarfed the value of her individual claims). To the contrary, she simply received a refund for her individual purchases. (2) The resolution of this case includes no "objectionable structural relief." *Id.* at 1409. And (3) absent class members will suffer no prejudice because their claims will not be dismissed with prejudice, neither party is aware of any class member who has avoided filing their own claims in reliance on the pendency of this action, and there is no risk that the imminent expiration of any statute of limitations will bar class members' claims. So here, classwide notice is not required. *See Duran v. SPS Techs. LLC*, 2020 WL 7773888, at *2 (C.D. Cal. Dec. 30, 2020) (approving dismissal under *Diaz* where class claims were dismissed without prejudice, there was no evidence of publicity or reliance by class members, and the complaint alleged violations within the statute of limitations, which would be tolled by *American Pipe* in any event); *Gutierrez v. J.M. Distrib., Inc.*, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) (same); *Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 WL 7803796, at *3-4 (C.D. Cal. Nov. 16, 2017) (same).

Accordingly, the parties jointly request that the Court dismiss Ms. Farmer's claims with prejudice, without prejudice to the claims of any absent class members. Each side will bear their own costs and fees.

| | | |
|---|---|---|
| 1 | Dated: February 14, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ *Jonas Jacobson* |
| | | Jonas B. Jacobson (Cal. Bar No. 269912) |
| 4 | | jonas@dovel.com |
| 5 | | Grace Bennett (Cal. Bar No. 345948) |
| | | grace@dovel.com |
| 6 | | Simon Franzini (Cal. Bar No. 287631) |
| 7 | | simon@dovel.com |
| | | DOVEL & LUNER, LLP |
| 8 | | 201 Santa Monica Blvd., Suite 600 |
| 9 | | Santa Monica, California 90401 |
| | | Telephone: (310) 656-7066 |
| 10 | | Facsimile: (310) 656-7069 |
| 11 | | |
| 12 | | *Attorneys for Plaintiff* |

By: /s/ *Kelly L. Perigoe*
Lisa R. Bugni (Cal. Bar No. 323962)
lbugni@kslaw.com
Kelly L. Perigoe (Cal. Bar No. 268872)
kperigoe@kslaw.com
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071633
Tele: (213) 443-4355
Fax: (213) 443-4310

*Attorneys for Defendant*

### SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this document.

Dated: February 14, 2024        By: /s/ *Jonas Jacobson*
                                     Jonas Jacobson